UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JANE DOE,<br>　　Petitioner,<br><br>v.<br><br>OFFICE OF REFUGEE RESETTLEMENT,<br>　　Respondent. | §<br>§<br>§<br>§　Civil Action No. 1:18-cv-26<br>§<br>§<br>§ |

## ORDER OF DISMISSAL

On March 8, 2018, this Court held an *ex parte* hearing with Jane Doe (hereafter "Petitioner") for the sole purpose of determining whether Petitioner desired to pursue a hearing under TEX. FAM. CODE ANN. § 33.003 (said statute is entitled "Judicial Approval", but shall hereafter be referred to as a "judicial bypass hearing").[1] The Court's confidential *ex parte* hearing was conducted in chambers with the assistance of a court reporter and court interpreter. After a detailed discussion with Petitioner, this Court concluded that Petitioner no longer was interested in an abortion, which thus rendered the option of a judicial bypass hearing as moot. Therefore, this Court will dismiss the instant matter.

However, this Court wishes to address its concern with the time delay caused by the Office of Refugee Resettlement (hereafter "ORR"). As a result of ORR's refusal to transport Petitioner to the judicial bypass hearing scheduled for February 12, 2018, Petitioner's day in court was delayed twenty-four days. In the event Petitioner had wished to pursue an abortion, said abortion would have been more dangerous to the health of Petitioner with each passing day.

The abortion debate is not at issue in a judicial bypass hearing. The primary purpose of said hearing is obtaining a judicial order allowing waiver of parental notice and waiver of

---

[1] "A pregnant minor may file an application for a court order authorizing the minor to consent to the performance of an abortion without notification to and consent of a parent, managing conservator, or guardian." Tex. Fam. Code Ann. § 33.003(a).

1

parental consent, if the subject individual can prove by clear and convincing evidence the necessary elements of consent and need.[2]

It should be obvious that the implementation and enforcement of a Texas Family Code statute is within the jurisdiction of the Texas state courts, and further, that federal courts should avoid family law issues. It should further be obvious that the issue of consent is an inherent factor of a judicial bypass hearing. The subject state statute does *not* apply in a scenario where a minor does not want an abortion. In said hypothetical scenario, the minor would be unable to meet the burden of proof requirements of the statute; and furthermore, there would be no necessity for the minor to obtain a waiver of parental notice and consent. In summary, the issue of Petitioner's consent would have been resolved without delay by the state court if the original judicial bypass hearing had proceeded February 12, 2018.

It is hereby **ORDERED** that the instant matter is hereby **DISMISSED**. The Clerk of the Court is hereby **ORDERED** to close the case.

Signed on this 12th day of March, 2018.

Rolando Olvera
United States District Judge

---

[2] "The court shall determine by clear and convincing evidence . . . whether: (1) the minor is mature and sufficiently well informed to make the decision to have an abortion performed without notification to or consent of a parent, managing conservator, or guardian; or (2) the notification and attempt to obtain consent would not be in the best interest of the minor." Tex. Fam. Code Ann. § 33.003(i).